NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RANDEY THOMPSON,

        Plaintiff-Appellee,

  v.

BEN SMALL, Individually as
Superintendent of the Central Valley School
District; et al.,

        Defendants-Appellants,

 and

CENTRAL VALLEY SCHOOL DISTRICT,
No. 365,

        Defendant.

No.   22-35192

D.C. No. 2:21-cv-00252-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, Chief District Judge, Presiding

Argued and Submitted April 14, 2023
Seattle, Washington

Before:  McKEOWN and DESAI, Circuit Judges, and SILVER,[**] District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

Central Valley School District superintendent Ben Small and school board members Keith Clark, Tom Dingus, Debra Long, Cynthia McMullen, and Mysti Reneau (collectively, "Defendants") appeal the district court's denial of their summary judgment motion asserting a qualified immunity defense to Randey Thompson's 42 U.S.C. § 1983 claims against them. Mr. Thompson was an assistant principal at a middle school in Central Valley School District. He claims Defendants retaliated against him in violation of his First Amendment rights by demoting him to a teaching position after he posted a political statement on his personal Facebook page. The district court denied qualified immunity because "questions of fact exist" that precluded it from granting qualified immunity "at this stage of the proceedings." We affirm.

We have jurisdiction over an interlocutory appeal of the denial of qualified immunity under the collateral order doctrine. *Ballou v. McElvain*, 29 F.4th 413, 420–21 (9th Cir. 2022). But this jurisdiction is "circumscribed." *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013). "Unless the plaintiff's version of events is blatantly contradicted by the record, so that no reasonable jury could believe it, we may not review the district court's determination that the pretrial record was sufficient to show a genuine issue of fact for trial." *Ballou*, 29 F.4th at 421 (citations and internal quotation marks omitted). We thus "lack jurisdiction over any aspects of the present dispute that turn on that question" and may consider only whether, construing the

facts in Mr. Thompson's favor, Defendants are entitled to qualified immunity as a matter of law. *Id.*

Defendants concede that Mr. Thompson's Facebook post was private speech on a matter of public concern and thus protected under the First Amendment. They argue they demoted Mr. Thompson not for his Facebook post, but for other offensive statements he made at school that Defendants contend are not entitled to First Amendment protection. That is a factual dispute we lack jurisdiction to adjudicate. *Id.*; *see also Eng v. Cooley*, 552 F.3d 1062, 1071 (9th Cir. 2009) (explaining that whether a public employee's speech was a substantial or motivating factor in an employer's adverse employment action "is purely a question of fact").

At this early stage of the case, the record does not "blatantly contradict[]" Mr. Thompson's allegation that he was demoted because of his Facebook post. *Ballou*, 29 F.4th at 431 (quoting *Orn v. City of Tacoma*, 949 F.3d 1167, 1171 (9th Cir. 2020)). Because Defendants devote their appeal to this disputed factual issue, "we may not disturb the district court's determination" that genuine issues of fact precluded it from granting summary judgment in Defendants' favor. *Id.*; *see also Robinson v. York*, 566 F.3d 817, 825 (9th Cir. 2009) (holding that "it is proper to deny a motion for summary judgment" on a qualified immunity defense when there are underlying factual disputes that impact the First Amendment retaliation test).

**AFFIRMED.**